**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 15 |
| WINSWAY ENTERPRISES HOLDINGS LIMITED, *f/k/a* WINSWAY COKING COAL HOLDINGS LIMITED, a company incorporated with limited liability under the laws of the British Virgin Islands, | Case No. 16-10833(MG) |
| Debtor in a Foreign Proceeding. |  |

**ORDER GRANTING VERIFIED PETITION FOR RECOGNITION**
**OF FOREIGN NONMAIN PROCEEDING SUPPLEMENTING**
**THE VOLUNTARY PETITION [ECF NO. 1]**

Upon consideration of the *Verified Petition for Recognition of Foreign Nonmain Proceeding Supplementing the Voluntary Petition [ECF No. 1] and Motion for Related Relief* (the "**Verified Petition**," ECF Dkt. # 4, and together with the Voluntary Petition (ECF Dkt. # 1), the "**Petition**") and the Supporting Declarations of Cao Xinyi and Jamie John Stranger (together with the Petition, the "**Chapter 15 Pleadings**"), filed on April 6, 2016 by or on behalf of the Petitioner, Cao Xinyi, in her capacity as the duly-appointed foreign representative of Winsway Enterprises Holdings Limited, formerly known as Winsway Coking Coal Holdings Limited ("**Winsway**" or the "**Debtor**"), a company incorporated with limited liability under the laws of the British Virgin Islands and registered as a non-Hong Kong company in Hong Kong under Part XI of the then Companies Ordinance, the debtor in a scheme of arrangement pursuant to sections 673 and 674 of the Companies Ordinance (Cap 622) of Hong Kong (the "**Hong Kong Proceeding**") concerning Winsway currently pending before the High Court of the Hong Kong Special Administrative Region (the "**Hong Kong Court**"); and the Court having considered and reviewed the Chapter 15 Pleadings, and other filings referred to herein, and having held a

hearing to consider the relief requested in the Petition on May 9, 2016 (the "**Hearing**"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been (a) given to the (i) Debtor, (ii) the United States Trustee for Region 2, (iii) counsel to the *Ad Hoc* Committee (as hereinafter defined), (iv) Deutsche Bank Trust Company Americas, in its capacity as indenture trustee, and (v) Bondholder Communications Group LLC, as the Information Agent for distribution to the Scheme Creditors; (b) electronically transmitted to any holder of the Notes that provided an email address to the Information Agent; (c) posted on (i) the website maintained by the Information Agent for information pertaining to the Scheme and (ii) and the Debtor's website; (d) published through the announcement systems of the Depository Trust Company; and, (e) published in the National Edition of the WALL STREET JOURNAL; and it appearing that no other or further notice need be provided; and, upon all of the proceedings had before the Court, after due deliberation sufficient cause appearing therefor, it is hereby,

**FOUND AND DETERMINED AS FOLLOWS[1]:**

1. This case was properly commenced pursuant to sections 1504 and 1515 of the United States Bankruptcy Code, 11 U.S.C. § § 101 *et seq*. (the "**Bankruptcy Code**").

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference, dated January 31, 2012, (No. M-431, 12-Misc-00032, S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

---

[1] Any capitalized terms that are not specifically defined in this Order have the meanings ascribed to such terms in the Explanatory Statement In Relation To Inter-Conditional Schemes of Arrangement Between Winsway and the Scheme Creditors ("**Explanatory Statement**"), a copy of which is annexed as Exhibit B to the *Declaration of Cao Xinyi Pursuant to 28 U.S.C. § 1746* (ECF Dkt. #5).

4. Venue of this case is proper in the Southern District of New York pursuant to 28 U.S.C. § 1410.

5. The Hong Kong Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

6. The Hong Kong Proceeding is pending in the Hong Kong Special Administrative Region of the People's Republic of China, in which the Debtor has an "establishment" within the meaning of section 1502(2) of the Bankruptcy Code.

7. The Hong Kong Proceeding is a "foreign nonmain proceeding" within the meaning of sections 1502(5) and 1517(b)(2) of the Bankruptcy Code and is entitled to recognition as a foreign nonmain proceeding in respect of the Debtor.

8. The Petitioner, Cao Xinyi, has been appointed to act as the "foreign representative" with respect to the Hong Kong Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

9. The Petition meets all of the requirements set forth in section 1515 of the Bankruptcy Code.

10. Appropriate notice of the filing of, and the Hearing on, the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

11. The Hong Kong Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is now

**ORDERED, ADJUDGED AND DECREED** that:

1. The Petition is **GRANTED** to the extent provided herein;

2. The Hong Kong Proceeding is granted recognition as a foreign nonmain proceeding (as defined in section 1502(5) of the Bankruptcy Code) and the Petitioner is granted all of the relief afforded to such proceedings pursuant to sections 1517(a) and (b)(2) of the Bankruptcy Code;

3. The Petitioner is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Hong Kong Proceeding;

4. The Petitioner is hereby entrusted with the administration of any and all of the Debtor's assets within the territorial jurisdiction of the United States;

5. Except to the extent granted by this Order, the Hearing is continued to June 15, 2016 commencing at 2:00 p.m. at which time this Court will consider the Petitioner's request for further permanent relief pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a) and 1525(a) of the Bankruptcy Code, all in support of the financial restructuring of the Debtor under Hong Kong law through, among other things, a scheme of arrangement (the "**Scheme**"), on the condition that such Scheme has been sanctioned by the Hong Kong Court in accordance with applicable Hong Kong law;

6. This Court retains jurisdiction with respect to the enforcement, amendment, or modification of this Order and the Petitioner's request for further relief; and,

7. This Order shall be effective and enforceable immediately upon entry and constitutes a final order within the meaning of 28 U.S.C. § 158(a).

Dated: New York, New York
      May 12, 2016

                                                                         /s/Martin Glenn
                                                                         MARTIN GLENN
                                                                United States Bankruptcy Judge